# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 87-cr-238-03 (RWR) |
| v. : | |
| : | |
| STEPHEN BERNARD : | |
| Defendant. : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
### TO EXPUNGE CRIMINAL RECORD

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following opposition to defendant's motion to expunge criminal record.

### I. Procedural History

On July 31, 1987 defendant pled guilty to one count of possession with intent to distribute cocaine before the Honorable Barrington Parker. Judge Parker sentenced defendant to confinement for a term of two years to be followed by three years supervised release. On September 5, 1991, Judge Parker granted defendant's motion for early termination of probation. Defendant filed a motion to expunge his criminal record on November 13, 2014, to which the government now responds.

### II. Defendant's Motion To Expunge His Criminal Record Must Be Denied.

Defendant now files a motion to expunge his criminal record. In support of his motion, defendant states that the existence of his conviction may affect his ability to secure employment and cites to his military service, community involvement, and continued education including the certification to be a HVAC technician with which he may obtain lawful employment. The Government states that while these accomplishments are impressive, federal courts may not grant expungement of criminal records absent "extraordinary circumstances."

1

In <u>Doe v. Webster</u>, 606 F.2d 1226, 1230 (D.C. Cir. 1979), the D.C. Circuit noted that, even absent a statute authorizing expungement, federal courts have limited power to order expungement only in certain unusual and extraordinary circumstances. In <u>Doe</u>, the court reviewed the expungement case law, and indicated that the power to grant expungement is very narrowly limited:

> [A]lthough there are indeed many instances in which courts have ordered expungement of arrest records in the exercise of their inherent equitable powers, all of those cases involved either a lack of probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances.

<u>Id</u>. at 1230.  Moreover, the Court explicitly rejected defendant's argument that he was entitled to expungement of his conviction, noting that "[e]ven individuals who were never convicted are not entitled to expungement of their records as a matter of course, and absent specific statutory authority it would be wholly inappropriate to order such an expungement in a case such as this where there has been not only a valid arrest, but a valid conviction." <u>Id</u>. at 1231; see also <u>Gov't of V.I. v. Nugent</u>, 2007 WL 1394014 * 1 (V.I. Super. April 2, 2007)("[T]he power of expungement may only 'be exercised after an analysis of the facts and circumstances demonstrate the existence of extreme circumstances.' . . .  Expunction of an official record is not automatically granted for convictions overturned on constitutional grounds, or even for acquittals."); <u>United States v. Noonan</u>, 906 F.2d 952, 956 (3rd Cir. 1990)(presidential pardon is not a sufficient basis for expungement); <u>see</u> <u>also</u> <u>United States v. Spinner</u>, _ F.Supp.3d _ , 2014 WL 5581108 (D.D.C. November 4, 2014);  <u>United States v. Mitchell</u>, 683 F.Supp. 2d 427, 431 (E.D. Va. 2010)("act of entering judgment of conviction divests a district court of original jurisdiction over defendant's case. Moreover, it is clear that Congress has not directly provided federal district Courts with jurisdiction to expunge criminal convictions soley for equitable

reasons."), citing  Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 377 (1994); United States v. Harris, 847 F.Supp.2d 828, 831 (D.Md. 2012)("in the absence of any controlling statute that guides expungement application, . . . purely equitable balancing does not survive Kokkonen, and its progeny.").

Furthermore, it has long been held that "[r]etaining and preserving arrest records serve[s] an important function of promoting effective law enforcement" and preserves the "'compelling public need for an effective and workable criminal identification procedure.'" Gov't of V.I. v. Nugent,  2007 WL 1394014 at * 2 n.2, citing United States v. Schnitzer, 567 F.2d 536, 539 (2nd Cir. 1977)(18 U.S.C. § 534(a) enacted by Congress empowers the Attorney General to acquire, collect, preserve and exchange arrests records which are an essential tool in criminal identification procedures); see also United States v. Salleh, 863 F.Supp. 283 (E.D. Va. 1994)("Retention of criminal records aids in effective law enforcement, a purpose reflected in Congress' requirement that the Attorney General 'acquire, collect, classify, and preserve' criminal records.")  Indeed, as the D.C. Circuit has explicitly noted, "[t]he government . . . ha[s] a legitimate need for maintaining criminal records in order to efficiently conduct future criminal investigations. Doe, 606 F.2d at 1243. Thus, "the Government's interest in maintaining criminal records is presumed, unless a petition seeking expunement can overcome them." Gov't of V.I. v. Richardson, 2004 WL 242886 * 1 (V.I. Super. January 21, 2004).

Applying the above-stated legal principles to this case, it is clear that defendant does not establish, let alone allege, that his arrest and conviction were invalid, or that the expungement was authorized by "specific statutory authority," as she must in order to qualify for expungement of a conviction. Doe, 606 F.2d at 1231.   Rather, these circumstances are not extraordinary, and in fact, are the same circumstances faced by every defendant with a criminal conviction. Courts

presented with expungement motions seeking relief on employment grounds such as those advanced by this defendant have routinely stated that "[c]ollateral employment consequences" resulting from the existence of an arrest or conviction are insufficient to warrant expungement of arrest or conviction records, as are other factors such as the lack of other criminal records or the successful completion of probation. Difficulty in obtaining employment as the result of a criminal conviction is insufficient on its own to justify expungement of defendant's criminal record. See In re Reid, 569 F.Supp.2d 220, 222 (D.D.C. 2008); United States v. Smith, 940 F.2d 395, 396 (9th Cir. 1991)(reversing District Court's order granting expungement based on defendant's "otherwise clean background" and the relatively minor nature of his offense, his successful completion of five years' probation, and his claim that he sought expungement in order to re-enlist in the military); Harris, 847 F.Supp.2d at 835 (finding no ancillary jurisdiction of the Court and denying expungement of misdemeanor conviction on purely equitable grounds – "the impact of the conviction on his employment opportunities" where defendant has demonstrated that he has turned his life around in the near decade since the events that gave rise to his prosecution); United States v. Howard, 275 F.Supp.2d 260, 263 (N.D.N.Y. 2003) (proclamation that arrest record renders defendant unable to obtain employment does not entitle defendant to expungement of his record even when "a significant amount of time has passed since the conviction which the applicant is seeking to expunge" and for "'relatively minor charges'")(citations omitted); United States v. Vasquez, 74 F.Supp.2d 964, 967-68 (S.D. Cal. 1999)(defendant's claim that maintaining her conviction record would result in hardship in obtaining employment did not warrant expungement of her record even though her conviction was for a misdemeanor drug offense committed while she was a young person and exercised poor judgment, she had never been in trouble before or after this one conviction, and there was

no indication that she would engage in future criminal conduct);  United States v. Lopez, 704 F.Supp. 1055 (S.D. Fla. 1988)(expungement of arrest records for an offense which the government later elected not to pursue was not warranted based on defendant's claims of "economic and employment losses").

## CONCLUSION

For the reasons set forth above, the government respectfully moves this Court to deny Defendant's Motion To Expunge His Criminal Record Should Be Denied.

Respectfully submitted,

Ronald C. Machen, Jr.
 Ronald C. Machen Jr. / D.C. Bar No 447-889
United States Attorney

 Leslie Gerardo
Leslie Gerardo / D.C. Bar No. 419-823
Chief, Special Proceedings Division

Carolyn K. Kolben
Carolyn K. Kolben /D.C. Bar No. 391-156
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
   (202) 252-7570

## Certificate of Service

I hereby certify that a copy of the instant Opposition to Defendant's Motion to Expunge Criminal Record has been filed via the Electronic Case Filing System mailed to  defendant at his home address this 14th day of November, 2014.

 Carolyn K. Kolben
Carolyn K. Kolben /D.C. Bar No. 391-156
Assistant United States Attorney